IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **FIFTH THIRD BANK NATIONAL ASSOCIATION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 2:24-cv-02596-SHL-tmp ) |
| **COAST TO COAST IMPORTS, LLC, STEIN INVESTMENTS, LLC, ANDY STEIN, AW STEIN, INC., and COAST TO COAST GLOBAL, LLC,** | ) ) ) ) ) ) |
| **Defendants.** | ) ) |

**ORDER GRANTING EMERGENCY MOTION FOR THE IMMEDIATE APPOINTMENT OF RECEIVER**

Before the Court is the Emergency Motion for the Immediate Appointment of Receiver, filed by Plaintiff Fifth Third Bank, National Association ("Fifth Third"), on August 20, 2024. (ECF No. 2.) In the motion, Fifth Third represents that Defendants Coast to Coast Imports, LLC, Stein Investments, LLC, Andy Stein, AW Stein, Inc., and Coast to Coast Global, LLC, have defaulted on various obligations to Plaintiff.

Fifth Third asserts that Defendants agree, and as is indicated by the signatures of Defendants contained in the proposed order submitted by the Parties, that Fifth Third is entitled to the appointment of a receiver as a matter of law and equity, consistent with the following terms:

**A.     THE PARTIES' AGREED FINDINGS OF FACT**

1.      Defendants are in default (the "Defaults") under the Loan Documents, which Defaults are material and continuing.

2. Defendants Coast to Coast Imports, LLC, Stein Investments, LLC, AW Stein, Inc., and Coast to Coast Global, LLC (collectively, the "Entity Defendants") are unable to effectively manage and operate their business affairs due to, *inter alia*, lack of cash and access to additional debt or equity financing.

3. Entity Defendants' business operations have suffered (and continue to suffer).

4. Without additional capital infusion, the Entity Defendants' project that they will imminently run out of cash.

5. As a result of the foregoing, the preservation and value of the Entity Defendants' assets are at risk of decline, deterioration, and dissolution.

6. The appointment of a receiver for the Entity Defendants is necessary to preserve and maintain the value of the Entity Defendants' assets and business and to market the Entity Defendants' business, personal property and real property for sale as the receiver deems appropriate.

7. Lawrence Perkins shall be appointed as the receiver for the Entity Defendants and their property (the "Receiver").

B.  **APPOINTMENT OF RECEIVER**

8. Effective as of 12.01 a.m. on August 23, 2024 (the "Effective Date"), the Receiver is hereby appointed as the receiver for the Entity Defendants and the Receivership Assets (as defined below) for a period commencing on the Effective Date and ending upon termination of such appointment by further Order of Court.

9. The Receiver is appointed for the purpose of managing, protecting, preserving, and operating and, if necessary, liquidating the Entity Defendants' businesses or assets for the benefit and protection of Fifth Third Bank, National Association (the "Bank" or "Plaintiff") and its

Collateral[1], and for the benefit of all creditors of the Entity Defendants, but without any duty to create equity or otherwise represent the interests of any equity holders.

10.   The Receiver is hereby exclusively granted and vested with all rights and powers of the Entity Defendants and any of their officers or directors to control, manage, administer, operate, and protect or any take other action of the Receivership Assets, including all statutory and common law powers, rights, and privileges necessary to carry out such purposes. The Receiver's responsibilities include, but are not limited to, oversight of all aspects of the management, operation and, if deemed appropriate, orderly liquidation of the Entity Defendants' assets and businesses.

C.   **DUTIES, RIGHTS AND POWERS OF RECEIVER**

11.   Without limiting the generality of the foregoing, the Receiver is granted the power and duty to immediately take exclusive possession of all assets of the Entity Defendants, including, but not limited to, taking control of the management, accounting, and protection of the Bank's Collateral. The Receivership Assets shall include, but are not limited to, all personal property, real property (if any), inventory, machinery, equipment, vehicles, aircraft, fixtures, general intangibles, bills and accounts receivable, cash on hand and in banks (subject to any setoff rights in favor of the Bank), federal, state and local tax refunds and any rights thereto, all leases, contracts, rights, insurance policies (including, but not limited to, property, liability, errors and omissions, directors and officers liability, crime, theft, and other policies of insurance, hereafter "Claim Policies"), claims, tort claims, choses in action (including, but not limited to, all claims, rights, and coverage available under any claim policies or other applicable insurance policy, indemnity agreement,

---

[1] All capitalized terms not defined herein shall have the same meaning as set forth in the Emergency Verified Motion for Appointment of Receiver.  (ECF No. 2.)

insured contract, fidelity bond, or similar arrangement to pay, reimburse, or defend any loss, direct loss, damages, punitive damages, defense costs, investigative costs, liability, or similar sums), escrow accounts, escrow arrangements or agreements, intangibles, licenses, permits, patents, trademarks and names, copyrights, corporate franchises, and its income and profits, books of accounts, records and other books, papers and accounts, deeds, muniments of title, and all interests, easements, privileges, rights and assets, of every kind and whatever nature and wherever located, related to the Entity Defendants (collectively, the "Receivership Assets").

12. The Receiver shall serve without bond, provided that the Receiver will well and truly perform its duties and shall abide by and perform all of the things that it shall be required to do under this Order.

13. The Receiver shall be entitled to reasonable compensation of $7,500 per month.

14. The Receiver shall be reimbursed for reasonable expenses, including reasonable attorneys' fees, incurred in the performance of the Receiver's duties. The Receiver and any professionals, independent contractors or agents employed by the Receiver will furnish the Bank and Defendants with copies of their invoices for services rendered and costs incurred on a weekly basis or such other time frames as the Bank and the Receiver may agree. The Receiver may be paid from the Receivership Assets or proceeds upon approval of such invoices by the Bank, provided, however, the Court shall retain jurisdiction to finally approve any compensation paid to or due the Receiver after notice to such persons in interest as the Court may direct. Fees and expenses payable to the Receiver shall be treated as priority administrative expense claims, and payment of such amounts in accordance with this order shall take priority over payment of any claims arising prior to the date on which the Receiver is appointed, except for the Bank's claims. If the Receivership Assets are not sufficient to pay the Receiver's expenses and fees, the Bank

agrees to indemnify and pay all of the Receiver's reasonable expenses and fees, including the Receiver's reasonable legal fees incurred on or after the Effective Date. The Receiver's compensation shall not preclude the Receiver from receiving such additional compensation as may be approved by the Court, or agreed between the Receiver and the Bank in the event the Receiver or any affiliate of the Receiver is retained to perform and does perform additional services in connection with the Receivership Assets.

15.   The Receiver shall have all necessary powers to manage and operate the Receivership Assets, including, but not limited to, the following powers and responsibilities: (a) to take possession of the Receivership Assets and all personalty related thereto, including, but not limited to, all title certificates or other evidence of ownership (except where held by or for the account of the Bank or other secured creditor to perfect a lien, which possession and perfection shall not be affected by this Order), licenses, permits, books, records, computers, electronically stored data, software, programs, internet sites, internet domain names, phone numbers, fax numbers, credit card accounts and other electronic payment processing systems, bank accounts, keys, combinations for locks, passwords or other access information, or which relate in any manner to the management or operation of all or any portion of the Entity Defendants' business or the Receivership Assets; (b) to direct the Entity Defendants, their equity owners, officers, agents, employees or other representatives immediately to turn over and deliver or cause to be delivered to the Receiver or its designee all property which relates in any manner to the management or operation of the businesses and the Receivership Assets, including, but not limited to, all keys, combinations for locks, passwords or other access codes, title certificates or other evidence of ownership, licenses, permits, books, records, computers, electronically stored data, software, programs, internet sites, internet domain names, phone numbers, fax numbers, credit card accounts

and other electronic payment processing systems, accounts, operating statements, reserve accounts and the like pertaining to the operation of the businesses or the Receivership Assets; (c) subject to the rights and interests, and for the benefit, of the Bank, to take such steps with respect to the outstanding accounts payable and the status of management of the businesses in order to maintain, preserve, and protect the Receivership Assets including, but not limited to, discerning the status of the outstanding accounts payable and to settle any such accounts that the Receiver or its designee deems necessary (but without any obligation to pay any account payable incurred prior to the Effective Date), and the power to demand, collect and receive all sums now due and unpaid or which hereafter shall become due with respect to or arising out of the Receivership Assets during the pendency of the receivership authorized hereby; (d) subject to the rights and interests of the Bank, to commence and prosecute such actions at law or in equity that the Receiver deems necessary to fulfill its duties to collect, preserve and, if appropriate, liquidate the Receivership Assets; (e) subject to the Bank's approval, and if deemed appropriate, to negotiate and facilitate the sale or other disposition, and receive directly any and all funds not constituting proceeds from such sale; (f) to use, operate and conduct businesses; (g) to take possession of and maintain existing bank accounts at, or transfer, change, or open new bank accounts at, and consolidate all of the Entity Defendants' bank accounts at, Fifth Third Bank; (h) to secure such monies as the Bank may be willing to (but is not obligated to) advance for the operation, preservation, maintenance and liquidation of the Receivership Assets; (i) make any reasonable reductions in the Entity Defendants' operating expenses, whether or not in the ordinary course of business; (j) the exclusive power and authority to file on behalf of the Entity Defendants a petition for relief under Title 11 of the United States Code; (k) terminate or modify any currently existing written or oral contract (other than the Loan Documents), with any and all damages arising therefrom to be paid with

revenues derived from the Receivership Assets after entry of this order in such amounts and at such times as the Receiver deems prudent in its business judgment and incur no termination fees; (l) assume and assign any currently existing written or oral contracts in accordance with the terms of this Order and applicable law; (m) enter into new contracts on behalf of the Entity Defendants for goods or services that the Receiver, in its business judgment, deems necessary or advisable for the operation of the Receivership Assets; (n) hire, discharge, manage, and control such employees and/or staff at the Entity Defendants, except as prohibited by law, as the Receiver determines necessary or advisable; (o) engage professionals, including, but not limited to, attorneys, accountants, communication consultants, investment bankers, consultants, brokers, forensic and investigative accountants, appraisers, engineers, managers and any other service providers as the Receiver may, in its sole business judgment, deem necessary or advisable to assist the Receiver in the performance of its duties under this order and agree to such terms (including financial terms) with respect to such engagements as the Receiver may, in its sole business judgment, deem necessary or advisable, with the reasonable fees and expenses of such professionals and service providers to be payable on a current basis, all in accordance with the terms of this Order regarding the payment of fees and expenses; (p) generally do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver reasonably believes ought to be done, executed, and performed in and about, or with respect to, the Receivership Assets; and (q) to apply to this Court for further direction and for such further powers as may be necessary or desirable to enable the Receiver to fulfill its duties.  Notwithstanding the foregoing, to the extent the Receiver's operation of the Entity Defendants' business or the Receivership Assets conflicts with the Defendants' administration of the Non-Receivership Assets, the Parties shall work together and reasonably cooperate to avoid any dispute.

16. All monies advanced by the Bank, in its sole discretion, pursuant to this Order, shall be protective advances and the amount of any such advances shall be added to the Loan Documents. All monies advanced by the Bank, in its sole discretion, shall be under and governed and secured by the Loan Documents, and this Order, by which the Bank is and shall continue to be secured by a first priority lien on the Collateral and Receivership Assets and all other collateral agreements, instruments or documents evidencing, securing, or otherwise delivered in connection with the Loan Documents. Notwithstanding any provision in this Order, the Bank is and will continue to be secured by the Collateral and Receivership Assets to the same extent, validity, and priority it was prior to the Effective Date (as defined herein).

17. In order to exercise the authority conferred upon it under this paragraph and more generally by this Order, and subject to the limitations contained within this Order, the Receiver is hereby vested with the standing and all power and authority of, but without the liability of or associated with, or obligation to act as: (a) the manager of the Entity Defendants, (b) the Entity Defendants in their capacity and relationship as "employer" as the Receiver deems necessary for the operation and management of the Receivership Property, including, but not limited to, the power and authority to (i) execute documents, instruments and resolutions in connection with any authorized sale or finance transaction, and (ii) have and obtain access to employee records, reports and communications and other work product related to the ordinary course of the Entity Defendants' business.

18. The Receiver is authorized in its discretion to employ, fix, and pay the compensation, salaries and wages of all managers, agents, employees, servants, and contractors for the Entity Defendants as may be advisable or necessary in its judgment for the operation, management, conduct, control, leasing, sale, or custody of the affairs of the Receivership Assets.

19. The Receiver or its designee shall conduct an inspection of the Receivership Assets, and shall perform a complete inventory of the Collateral coming under its control or possession pursuant to this Order.  The Receiver or its designee shall file with the Court a true and complete inventory of the Receivership Assets under oath within thirty days of the Effective Date. The inventory shall list all property and assets in the Receiver's possession or in the possession of others who hold possession as the agent of the Receiver and shall, in a separate schedule, inventory the property and assets of the estate not reduced to possession by the Receiver but claimed and held by others.  Additionally, the inventory shall describe the Receivership Assets that have already been liquidated as of the date of the inventory, the disposition of the proceeds (including any expenses of sale, compensation to the Receiver and any payment to the Bank), and whether any party other than the Bank has asserted any lien or any other interest in the Receivership Assets, including any interest asserted pursuant to any search and seizure warrant.

20. The Receiver or its designee shall keep a true and accurate account of all receipts and expenditures and shall, within three months after the filing of the inventory referenced above, and at such regular intervals of three months thereafter until discharged, file reports of Receiver's receipts and expenditures and of Receiver's acts and transactions in Receiver's official capacity.

21. The Receiver or its designee shall file a list of creditors within thirty days of the date of this Order and shall provide notice to such creditors of the appointment of the Receiver and the entry of this Order within ten days of filing such list of creditors.

22. All sale proceeds, rents, issues, profits, revenues, income or other payments that are now or hereafter become due (hereinafter, collectively, the "Accounts") with respect to all or any portion of the Receivership Assets, whether pursuant to oral or written agreements, shall be

remitted by the tenants, account debtors, purchasers or customers, directly to the Receiver without setoff, recoupment or deduction of any type, and held or disbursed in accordance with this Order.

23. The Receiver may obtain liability insurance to protect itself in carrying out its duties hereunder with a policy limit acceptable to the Bank, and the premium there for shall be paid from the Receivership Assets.

24. The Receiver shall have the power, in accordance with applicable law, to avoid fraudulent transfers or conveyances of any of Entity Defendants' assets or fraudulent obligations incurred prior to the appointment of the Receiver.

25. The Receiver shall ensure that existing insurance coverage for the Receivership Assets remain in force until the expiration of the current paid-up term under such policy or policies and that the Bank remains a loss payee and additional insured under such policy or policies. The Receiver shall notify the insurance carriers immediately of the appointment of the Receiver under this Order and request that the Receiver be added to the insurance policy or policies as an additional insured there under. Upon the expiration of the paid-up portion on such policy or policies, the Receiver shall have the responsibility for keeping the Receivership Assets insured and may as an option keep in force the existing insurance coverages or obtain new coverages for the Receivership Assets, each of which coverages shall name the Receiver as an additional insured thereunder and the Bank as an additional insured and loss payee.

26. The Receiver is entitled to rely on all outstanding rules of law, court orders and any future court orders and shall not be liable to anyone for its own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver be personally liable for the debts or obligations of the Defendants or be liable to anyone for good faith compliance with its duties and responsibilities, nor shall the Receiver, its employees, agents or advisors be liable to

anyone for any actions taken or omitted by the Receiver, except upon a finding by this Court that the Receiver or its designee acted or failed to act as a result of malfeasance, bad faith, gross negligence or reckless disregard of its duties.

27. Defendants, their directors, managers, members, partners, officers, agents, employees or other representatives, as the case may be, under this Order are hereby directed to use their best efforts to ensure a smooth transition of the operation of the Receivership Assets to the Receiver or its designee, and Defendants shall cooperate with the Receiver or its designee in consummating such transition and the Receiver, its directors, managers, members, partners, officers, agents, employees or other representatives, as the case may be, shall have the reciprocal duty and obligation with respect to the Non-Receivership Assets.

28. The Receiver shall not be bound or personally liable for any or all contracts, agreements, understandings, or other commitments the Entity Defendants had, or may have with third parties with respect to the Entity Defendants' business operations or the Receivership Property, whether oral or written. The Receiver may, by an affirmative written ratification executed by the Receiver, agree to become bound to any such contracts, agreements, understandings, or other commitments or may agree to enter into any new or amended contracts, agreements, understandings, or other commitments.  Nothing in this Order constitutes or shall be construed to constitute an assumption of any of the leases, contracts, or agreements currently existing with respect to the Entity Defendants' business operations of the Receivership Property by the Receiver or a waiver by the Receiver of any default under any such lease, contract, or agreement.

29. Except as otherwise stated herein, all of Defendants and their affiliates, directors, managers, members, equity owners, creditors, and all other persons and parties in interest, and all others acting on behalf of any such person or party in interest, including any federal, state, or local

agency or authority, sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are enjoined from:

    a.    Commencing, prosecuting, continuing, or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting the Receivership Assets without first obtaining leave of this Court, except that such actions may be filed to toll any statutes of limitations;

    b.    Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, warrant, replevin, execution, writ, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership Assets, wherever situated;

    c.    Attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or any document otherwise affecting the Property;

    d.    Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Receivership Assets or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Assets;

    e.    Engaging in any act to create, perfect, or enforce any lien against the Receivership Assets, unless specifically authorized by order of this Court; and

    f.    Engaging in any act to collect, assess, or recover a claim against the Receivership. Assets that arose before the appointment of the Receiver.

30.    Notwithstanding anything to the contrary contained in this Order, (a) the Bank is not enjoined from pursuing a sale of the Collateral, and the Receiver is permitted, subject to accounting to the Court, to remit any and all Collateral proceeds to the Bank; and (b) nothing herein is intended to interfere with any pending or future criminal investigation or proceeding or other exercise of the police power by any federal, state or local agency or authority against the

Defendants except for the protection and preservation of the Receivership Assets provided by this Order.

31. Notwithstanding anything to the contrary contained in this Order, nothing herein shall alter, modify, subordinate, or impair any existing rights, interests, or remedies of the Bank, whether now or in the future available under the Loan Documents at law or in equity, including, but not limited to, any right of offset with respect to any funds now or in the future on deposit or otherwise in the possession of the Bank or any of its affiliates.

32. Neither the Receiver nor Bank shall have any personal liability for any environmental liabilities arising out of or relating to Defendants or Defendants' businesses or the Receivership Assets.

33. Neither the Receiver nor Bank shall have the right to file any local, state, or federal tax returns on behalf of any of Defendants or shall have any obligations or duties with respect to the personal liability or affairs of Defendants. Defendants shall be responsible for managing its tax issues. Receiver shall cooperate with Defendants to ensure that all tax obligations are paid in the ordinary course of Defendants' business and shall cooperate with Defendants to permit Defendants to file all necessary and appropriate tax documents. Receiver shall ensure that any trust fund taxes accruing after the Effective Date are collected, segregated, and paid over to the appropriate taxing authority in a timely fashion. All employment or trust fund type taxes incurred after the Effective Date shall be paid before paying any other expenses or costs of Defendants' business. Notwithstanding any provision of this Order to the contrary, the Defendants shall have the exclusive power and authority to prepare and file all federal, state, and local income tax returns.

34. The Receiver shall have no liability with respect to its duties hereunder except for the gross negligence or willful misconduct of the Receiver, its employees, or agents. The

Receiver's liability as a receiver hereunder shall be limited to the assets of the Receiver, and no other partner, director, officer, employee, or agent of the Receiver shall have any personal liability hereunder.

35. Bank agrees to indemnify the Receiver, its agents and subcontractors, from any liability, debts, claims, demands, damages, actions, causes of action and/or judgments which, (i) arise out of the receivership herein; (ii) are brought against the Receiver, its agents or subcontractors, personally; and (iii) are not attributable to the Receiver, its agents' or subcontractors' intentional misconduct or gross negligence.  For the avoidance of doubt, nothing herein shall be construed as an agreement by the Bank to indemnify any party (with the exception of the Receiver) for any liability, debts, claims, demands, actions, causes of action and/or judgments of or against either (a) Defendants or (b) any of the Entity Defendants' officers, directors, shareholders, or employees.

36. The Court shall retain jurisdiction and supervision of all matters concerning the Receiver, the receivership created hereby and the Receivership Assets.

37. The receivership authorized and created hereby may be terminated at any time by the Bank or the Receiver filing with the Court, with service upon Defendants, a Motion to Terminate Appointment of Receiver. Upon proper notice thereof and upon hearing and determination of this Court that the purposes of this receivership have been served, this Court may terminate the receivership.

38. This Order shall remain in full force and effect until further order of this Court, and this Court shall retain exclusive jurisdiction of this matter for all purposes.

The Court notes that the Parties agreed to stay the case management deadlines in their agreed proposed order. However, the Court has not set any deadlines but will instead work with the Parties on any that should be set.

**IT IS SO ORDERED,** this 22nd day of August, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE